UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ricky M. Wallace,                       Case No. 4:15-cv-0062

        Petitioner

     v.                                    MEMORANDUM OPINION
                                                   AND ORDER

Federal Bureau of Prisons,

        Respondent

     *Pro se* petitioner Ricky M. Wallace is a federal prisoner currently incarcerated in the Northeast Ohio Correctional Center, having been convicted in the United States District Court for Eastern District of Tennessee of conspiracy to distribute cocaine hydrochloride and failure to surrender for service of his sentence. He has filed this Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241. The grounds for his petition pertain to the denial of a request he made to be transferred to a facility that offers an Institutional Hearing Program (IHP).

     The Bureau of Prisons (BOP) Program Statement 5111.04 is a coordinated effort by the BOP, U.S. Immigration and Customs Enforcement (ICE), and the Executive Office for Immigration Review to meet the Attorney General's mandate to ensure that deportation or exclusion proceedings for convicted aliens begin as expeditiously as possible after the alien's conviction and be completed prior to the expiration of the alien's sentence. Pursuant to the Program Statement, an IHP hearing site normally will be designated for inmates who are identified as eligible, but if the BOP is unable to do so, ICE will process inmates who are not re-designated at the end of their sentence.

The petitioner alleges he sought a transfer to an IHP site, but his request was denied because, according to Designation and Sentence Computation Center, bed space was not available at any IHP site. The petitioner was therefore told that ICE will process inmates (such as him) who were not re-designated to a hearing site at the expiration of their sentence.

The petitioner contends the BOP's denial of his request for a transfer has resulted in a violation of his "liberty interest . . . with regards to [his] ability to seek [a] reduced sentence and other benefits afforded to United States citizens and non-deportable aliens" and constitutes "Cruel and Unusual Punishment." He seeks an order requiring the BOP to transfer him to an IHP hearing site and that he be "allowed to contest [his] deportability prior to [his] release date."

The petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but his petition is summarily dismissed pursuant to the Rule 4 of the Rules Governing *Habeas Corpus* Cases, which requires district courts to make a preliminary review of *habeas* petitions and dismiss any petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Habeas Rule 4.

It plainly appears from the face of the petition that the petitioner is not entitled to *habeas* relief. As the district court held on similar contentions by a prisoner in *Hinojoza v. BOP*, Case No. 4: 13 CV 2467, 2014 WL 2003035, at **2-4 (N.D. Ohio May 14, 2014) (Pearson, J.), prisoners do not have a constitutionally-protected liberty interest to seek an early release from a sentence in an IHP hearing; nor do they have a constitutionally-protected interest in the place of their confinement or to be transferred to a particular facility. *See id.* (dismissing inmate's *habeas* petition seeking transfer to an IHP facility). Accordingly, the petitioner does not have a constitutionally-protected interest to be transferred to an IHP facility in order to contest his deportability prior to his release date as he seeks in his petition.

Nor has the petitioner alleged a cognizable constitutional claim for "Cruel and Unusual Punishment." The Eighth Amendment's proscription against cruel and unusual punishment

2

is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981). Petitioner has not alleged a deprivation of any of the basic human needs protected by the Eighth Amendment.

## Conclusion

For all of the reasons stated above, the pending Petition for a Writ of *Habeas Corpus* is dismissed pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b).

So Ordered.


                                                 s/Jeffrey J. Helmick
                                                 United States District Judge